

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7303 | **DATE** | 2/24/2004 |
| **CASE TITLE** | US vs. Napoleon Moore (02 CR 451-2) | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Moore's motion to vacate, set aside, or correct his sentence is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 2 5 2004 | |
| | Notified counsel by telephone. | | date docketed | 6 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

JS-6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 03 C 7303 |
| | ) | (02 CR 451-2) |
| NAPOLEON MOORE, | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
FEB 2 5 2004

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Napolean Moore's ("Moore") petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the petition is denied.

### BACKGROUND

On May 3, 2002, Moore was charged in two separate indictments, with one case assigned to me and the other case before Judge Lefkow, alleging that he was involved in a PCP trafficking conspiracy. Each indictment alleged offenses that carried potential punishments of lifetime imprisonment. In this court, on July 17, 2002, Moore pleaded guilty to the offense of conspiracy to possess with intent to distribute and to distribute over one kilogram of PCP, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. Moore's

guilty plea was in accordance with a plea agreement with the government that was signed the same day. As part of the agreement, in return for his guilty plea, the government promised to dismiss all remaining counts on both indictments. On October 17, 2002, we sentenced Moore to 328 months imprisonment and five years of supervised release. On October 14, 2003, Moore filed the present petition for habeas corpus relief under 28 U.S.C. § 2255, alleging that his attorney Bruce Cowan provided ineffective assistance of counsel. Specifically, Moore contends that Cowan's counsel was ineffective for the following reasons: (1) Cowan failed to petition the court for a hearing under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000); (2) Cowan failed to object to Moore's pre-sentence investigation report ("PSR") prepared by the U.S. Probation Office; (3) Cowan failed to object to Moore's plea of guilty to conspiracy, as Moore now contends that he was part of a mere "buyer-seller" relationship; and (4) Cowan failed to object at sentencing to the estimates of the quantities of drugs attributable to Moore. Moore's petition also contains claims that certain facts in his plea were not true and he would not have agreed to the plea if he had known that he would receive a sentence longer than the seventeen years allegedly assured to him by Cowan.

## LEGAL STANDARD

Relief under 28 U.S.C. § 2255 is limited to situations where a federal criminal defendant's conviction or sentence is based on "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Bischel v. United States, 32 F.3d 259, 263 (7th Cir. 1994) (citations omitted). If the court finds that any such error occurred, it will vacate or set aside the defendant's sentence, and the defendant will then be discharged, resentenced, or granted a new trial. Key v. United States, 2002 WL 483418, *1 (N.D. Ill. 2002) (citing 28 U.S.C. § 2255). When reviewing a Section 2255 petition, the district court must review the record and draw all reasonable inferences in favor of the government. Carnine v. United States, 974 F.2d 924, 928 (7th Cir. 1992). Because Moore has filed his petition *pro se*, his petition is entitled to a liberal reading. Blake v. United States, 841 F.2d 203, 205-206 (7th Cir. 1998). With these considerations in mind we now turn to Moore's petition.

## DISCUSSION

The four specific grounds for relief cited by Moore address alleged deficiencies in the assistance provided by Bruce Cowan, Moore's retained counsel during the proceedings in question. However, before we address the merits of Moore's petition, we must first determine whether the petition is barred by the terms of his plea

agreement with the government. Paragraph Thirteen of Moore's plea agreement contains the following clause concerning Moore's ability to seek review of his sentence pursuant to 28 U.S.C. § 2255:

> The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or its negotiation.

Based on the clear language of this provision, Moore has waived his rights to file a Section 2255 petition, unless that petition alleges that the waiver or the negotiation that preceded it were made involuntarily or without effective assistance of counsel. Plea agreement waivers of this sort have been routinely upheld in the Seventh Circuit. See United States v. Sines, 303 F.2d 793, 798 (7th Cir. 2002).

However, even where a defendant alleges ineffective assistance of counsel on a Section 2255 petition that is otherwise barred by a plea agreement waiver, the waiver may still apply. This is because in scenarios such as Moore's, "the right to mount a collateral attack pursuant to Section 2255 survives with respect to those discrete claims *which relate directly to the negotiation of the waiver.*" Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999) (emphasis added). We are therefore required to "explore the nature of" Moore's claims "to determine if his challenge relates to the

-4-

negotiation of the waiver." United States v. Mason, 211 F.3d 1065, 1069 (7th Cir. 2000). For instance, examples of ineffective assistance of counsel allegations that would not relate to the negotiation of a waiver would include claims that an attorney did not question the drug quantity attributable to a defendant, did not repeatedly persist for a downward sentencing departure, id., or incorrectly calculated criminal history points. Daniel v. United States, 2001 WL 76335 (N.D. Ill. 2001).

Two of the four discrete grounds that Moore cites as evidence of ineffective assistance of counsel relate to Cowan's conduct months after Moore had negotiated and entered his plea agreement. Moore's second ground for relief alleges that Cowan improperly failed to object to the Probation Office's pre-sentence report. His fourth ground contends that Cowan was ineffective throughout the sentencing proceedings. Cowan's conduct at the sentencing and pre-sentencing stages occurred well after Moore had signed his plea agreement and clearly cannot be said to relate to the agreement's (waiver of collateral attack rights included) negotiations. As such, these claims were waived and are thus barred.

Given that Moore is a *pro se* petitioner, we will give the remainder of his petition a liberal reading. Moore's claims include assertions that Cowan's counsel was ineffective because Cowan did not object to the government's contentions that (1) Moore's drug conspiracy involved more that thirty kilograms of PCP, (2) Moore

was in the position of a "leader-organizer" under the Sentencing Guidelines, and (3) Moore was involved in conspiracy, as opposed to a mere "buyer-seller" relationship. Moore also claims that Cowan failed to request a three-level downward offense level adjustment for acceptance of responsibility. Moore argues that, based on Cowan's assurances, he expected his plea agreement would result in no more than a seventeen year sentence. Moore avers that Cowan did not explain to him how his precise sentence would depend on guideline variables to be determined following the plea, and that he would not have pleaded guilty had he known that he would face his actual sentence of over twenty-seven years.

When a criminal defendant asserts a claim of ineffective assistance of counsel, he bears a "heavy burden" in overcoming the "strong presumption" that his lawyer's assistance was effective and reasonable. United States v. Trevino, 60 F.3d 333, 338, (7th Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). The defendant must point to specific acts or omissions by the lawyer that form the basis of his claim and the court must then determine whether, in light of all the circumstances, the lawyer's conduct fell outside the wide range of professionally competent assistance. Id.

Upon reviewing the record we find that Cowan's assistance of counsel was neither ineffective nor unreasonable. Two of Moore's claims – that Cowan failed to

object to the government's "leader-organizer" classification under Sentencing Guideline §3B1.1(a), and that Cowan failed to request an acceptance of responsibility adjustment – are flat-out false. Paragraph 7(c) of Moore's plea agreement states that he reserves the right to object to the government's position concerning Moore's "leadership-organizer" position. Cowan exercised Moore's right when, on October 10, 2002, he filed a motion formally objecting to the government's classification. This court partially agreed with Moore and at sentencing found that Moore had a mere "manager-supervisor" role in the conspiracy. Moore's next contention that Cowan did not request a three-level adjustment for acceptance of responsibility is also contradicted by the very language of his plea agreement. Paragraphs 7(d) and 7(e) both demonstrate that the government agreed that Moore was entitled to a three-level adjustment pursuant to Sentencing Guideline § 3E1.1. At sentencing we followed this recommendation and did adjust Moore's offense level accordingly. By properly objecting to the government's § 3B1.1(a) application and requesting the appropriate downward adjustments for acceptance of responsibility, we find Cowan's assistance of counsel in these areas to be reasonable and effective.

Moore also alleges that Cowan provided ineffective assistance of counsel by advising him to plead guilty to being part of a conspiracy that distributed at least thirty kilograms of PCP. Moore contends that his participation constituted a buyer-seller

relationship and not a conspiracy. Moore additionally now asserts that he possessed or was involved with the purchase or transaction of no more than half a kilogram of PCP.[1] These new claims expressly contradict the words of Moore's plea and his sworn admissions in open court. On July 17, 2002, the day we accepted Moore's guilty plea, Moore declared under oath that he had read the whole plea agreement, discussed it with Cowan, understood it in his entirety, and was pleading under his own free will. In particular Moore stated that he had read and understood the portions of his plea where he admitted to being in a conspiracy of at least five participants and that over thirty kilograms of PCP had been involved. We determined that Moore's admissions and plea were truthful and made in a knowing, intelligent, and voluntary manner. This court will not now accept Moore's argument that he was not part of a conspiracy that involved the distribution of thirty kilograms of PCP.

We also discussed with Moore how his sentence would be calculated. Moore informed the court that he understood that his Sentencing Guidelines offense level would depend on our subsequent determination as to his Section 3B1.1 role in the conspiracy. Moore was told that if we later found him to have no aggravating role in the conspiracy (an issue that Cowan argued in his October 10, 2002, motion), he would

---

[1] Even though his plea agreement expressly holds him accountable to thirty kilograms of PCP, Moore now objects that Cowan did not request an Apprendi hearing.

be sentenced based on a Level 35 calculation, which would result in a range of 210-262 months in prison. Apparently this is where Moore's claim that Cowan assured him that he would face no more than a seventeen year sentence originated. However, Moore was also informed that his offense level could potentially be up to four points higher (Level 39) depending on this court's final calculations. Moore's current claim that Cowan told him he would only face seventeen years under his plea agreement notwithstanding, Moore declared under oath that no one guaranteed or assured him that he would receive a fixed or predetermined sentence. Prior to pleading guilty Moore finally stated that there were no facts that he felt were absent from the plea agreement and that he was satisfied with Cowan's representation.

Moore's petition essentially argues that had he known that his current sentence of over twenty-seven years would result from his plea agreement, he never would have signed it. This does not change the fact that he swore under oath that all of the government's allegations contained therein were true, that he understood the plea in its entirety, and that he was satisfied with Cowan's performance as an attorney. We will not allow Moore to back out of his agreement by finding that Cowan ineffectively negotiated the plea agreement. Regardless of the propriety of Cowan's advice prior to Moore's plea, it resulted in Moore avoiding the life sentence that was a very real possibility had Moore rejected the government's agreement and proceeded to possibly

two trials. We therefore find that Cowan's assistance of counsel was neither ineffective nor unreasonable and that Moore's voluntarily and intelligently negotiated plea agreement should stand.

## CONCLUSION

Based on the foregoing analysis, Moore's motion to vacate, set aside, or correct his sentence is denied.

*Charles P. Kocoras*

Charles P. Kocoras
Chief Judge
United States District Court

Dated: FEB 2 4 2004

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division

United States of America        **JUDGMENT IN A CIVIL CASE**

v.        Case Number: 03 C 7303

Napoleon Moore (02 CR 451-2)

☐    Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■    Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant Moore's motion to vacate, set aside, or correct his sentence is denied. Defendant Moore to take nothing. All matters in controversy having been resolved, final judgment is entered in favor of the United States of America and against Napoleon Moore.

Michael W. Dobbins, Clerk of Court

Date: 2/24/2004

Stephen C. Tokoph, Deputy Clerk