# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7303 | **DATE** | 3/15/2004 |
| **CASE TITLE** | US vs. Napoleon Moore | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Moore's application (Doc 8-1) for a certificate of appealability is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 16 2004 | 9 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　)
　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　) 03 C 7303
　　　　　　　　　　　　　　　　)
NAPOLEON MOORE,　　　　　　　 )
　　　　　　　　　　　　　　　　)
　　　　　　　　Defendant.　　　)

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Napolean Moore's ("Moore") application for a certificate of appealability pursuant to 28 U.S.C. § 2253(c). For the reasons set forth below, the application is denied.

### BACKGROUND

The factual background for this case can be found in our prior opinion of U.S. v. Moore, 2004 WL 407032 (N.D. Ill. 2004). In that decision, we denied Moore's petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Moore now wishes to appeal certain issues from that decision, but appellate proceedings cannot commence without a certificate of appealability either from this court or from a circuit judge of the Court of Appeals. 28 U.S.C. § 2253(c); Fed. R. App. Proc. 22(b).

## DISCUSSION

A court may issue a certificate of appealability for a decision denying a 28 U.S.C. § 2255 petition for writ of habeas corpus "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make this showing, the applicant must demonstrate "that reasonable jurists could debate whether the challenges in his habeas petition should have been resolved differently or that his petition adequately shows a sufficient chance of the denial of a constitutional right that he deserves encouragement to proceed further." Rutledge v. U.S., 230 F.3d 1041, 1047 (7th Cir. 2000).

Moore seeks his certificate of appealability on two issues where he claims ineffective assistance of counsel: (1) whether his lawyer failed to petition the court for a hearing under Apprendi v. New Jersey, 530 U.S. 466 (2000); and (2) whether his lawyer failed to object to Moore's plea of guilty to conspiracy as Moore contends that he was only part of a "buyer-seller" relationship. These two ineffective assistance of counsel claims are identical to ones raised in Moore's original petition for writ of habeas corpus.

In our prior opinion, we found Moore's contentions unwarranted in light of the Strickland v. Washington, 466 U.S. 668 (1984), standard for ineffective assistance claims. In particular, we found that on the day we accepted Moore's guilty plea, he

knowingly and voluntarily declared under oath that he had read and understood the portions of his plea where he admitted to being part of a conspiracy that involved the distribution of more than thirty kilograms of PCP. Had Moore not pleaded guilty and proceeded to one of two pending trials, he could have potentially faced a lifetime prison sentence compared to his 328 month negotiated sentence. Because of Moore's in-court declarations and the alternatives to not pleading guilty, no reasonable jurist could determine that Moore's lawyer's conduct in not objecting to the conspiracy charge and not requesting an Apprendi hearing fell outside the "wide range of professionally competent assistance." Strickland at 690.

As Moore makes no argument why another court would reach a different conclusion, we find that his reinstated claims are insufficient to merit certification to the appellate court under the Rutledge standard.

## CONCLUSION

For the reasons set forth above, Moore's application for a certificate of appealability is denied.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: MAR 15 2004